UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK ROCCA and ELAINE ROCCA,

    Plaintiffs,

v.                                        Case No.:  2:20-cv-64-FtM-38MRM

NATIONAL SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiffs Patrick and Elaine Rocca's (together "Rocca") Motion to Remand (Doc. 13) and Defendant National Specialty Insurance Company's Response in Opposition (Doc. 16). For these reasons, the Court grants the Motion in part.

### BACKGROUND

This is a homeowner's insurance dispute over hurricane damage. Rocca sued in state court, seeking damages over $15,000 (the jurisdictional minimum). Afterward, on November 27, 2019, Rocca sent National Specialty a settlement demand email, seeking about $90,000 and attaching a roof repair estimate for just over $75,000. Over a month later, Rocca admitted in discovery the amount in controversy exceeds $75,000. National Specialty then removed on January 29, 2020. Rocca moves to remand, arguing (1) the parties are not diverse; and (2) removal was untimely.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## LEGAL STANDARD

A defendant may remove a case from state to federal court if the amount in controversy exceeds $75,000 and complete diversity exists. 28 U.S.C. §§ 1332(a), 1441(a). Besides those jurisdictional requirements, there are procedural hurdles to removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). For instance, defendants must remove within thirty days of learning a case is removable. 28 U.S.C. § 1446(b)-(c). While a jurisdictional defect may be raised whenever, parties must seek remand for procedural defects within thirty days. *Id.* at § 1447(c). Removal "raises significant federalism concerns," so federal courts "construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## DISCUSSION

### A. Citizenship

The Court starts with the jurisdictional argument. Rocca tries to impute his citizenship to National Specialty under an exception to the general corporate citizenship rule, which would destroy diversity. Rocca, however, misinterprets the applicable statute.

A corporation is a citizen of the state (or states) where it is incorporated and maintains its principal place of business.[2] 28 U.S.C. § 1332(c)(1); *Hertz Corp v. Friend*, 559 U.S. 77, 80 (2010). Yet the diversity statute provides a limited exception for insurers. 28 U.S.C. § 1332(c)(1). That provision follows:

> [I]n any direct action against the insurer of a policy or contract
> of liability insurance, whether incorporated or unincorporated,
> to which action the insured is not joined as a party-defendant,
> such insurer shall be deemed a citizen of—

---

[2] While Rocca repeatedly says National Specialty is "authorized to do business" and "doing business" in Florida (Doc. 13 at 4), those facts do not make it a Florida citizen. 28 U.S.C. § 1332(c)(1).

>                    (A)  every State and foreign state of which the
>                    insured is a citizen . . . .

*Id.* at § 1332(c)(1)(A). From this provision, Rocca tries to attribute his Florida citizenship to National Specialty. At first glance, the statute lends support. But upon inspection, Rocca's position falls apart because this is not a "direct action."

Congress enacted this exception "to eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse." *Fortson v. St. Paul Fire & Marine Ins.*, 751 F.2d 1157, 1159 (11th Cir. 1985). In other words, a "direct action is one in which the liability sought to be imposed could be imposed against the insured." *Broyles v. Bayless*, 878 F.2d 1400, 1404 n.1 (11th Cir. 1989) (internal quotation marks omitted) (quoting *Fortson*, 751 F.2d at 1159). "The general rule has always been that the direct action proviso does not affect suits brought by an insured against his own insurer." *Bowers v. Cont'l Ins.*, 753 F.2d 1574, 1576 (11th Cir. 1985).

Rocca is a Florida citizen. And National Specialty is a Texas citizen—where it is incorporated and has its principal place of business. The parties, thus, are completely diverse unless this is a direct action under the statute. It is not. Rocca sued his homeowner's insurance company, not the insurance company of a liable third party. So this case falls outside the § 1332(c)(1)(A) exception. *E.g.*, *Hoffecker v. Am. Auto. Ins.*, No. 3:17-cv-359-J-32PDB, 2018 WL 636748, at *2 (M.D. Fla. Jan. 31, 2018) (holding an insured suing her homeowner's insurer for failing to cover damage did not meet the exception); *Maldonado v. Coopperativa de Seguros Multiples de P.R., Inc.*, No. 8:13-cv-

3

2361-T-35TBM, 2014 WL 12617904, at *2-3 (M.D. Fla. June 13, 2014) (same). Because the parties are otherwise diverse, the Court has subject-matter jurisdiction.

Having concluded there is jurisdiction, the Court turns to the procedural defect.[3]

**B. Timeliness**

Rocca argues removal was untimely because National Specialty (1) failed to remove within thirty days of receiving the Complaint and (2) did not remove within thirty days of receiving notice that amount in controversy exceeds $75,000. Although the first point is a no-go, the second entitles Rocca to remand.

When—as here—the initial complaint is not removable, a defendant must remove within thirty days of receiving an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

First, Rocca's contentions related to receipt of the Complaint fail. Twice, Rocca sent National Specialty correspondence reflecting over $75,000 in damages before the Complaint was filed. Yet presuit correspondence cannot be an "other paper" triggering the thirty-day removal clock. *Kane v. J.D. Lallo, Inc.*, No. 2:20-cv-15-FtM-38NPM, 2020 U.S. Dist. LEXIS 28073, at *2 (M.D. Fla. Feb. 19, 2020); *e.g.*, *McManus v. Nat'l Fire & Marine Ins.*, 380 F. Supp. 3d 1260, 1262-63 (M.D. Fla. 2019). The Complaint was filed on November 6, 2019. Considering the above, any correspondence before that date is irrelevant to timeliness. *E.g.*, *McManus*, 380 F. Supp. 3d at 1263.

The second untimeliness argument is another story. Rocca says the post-Complaint demand email (sent on November 27) was a statutory "other paper"—triggering the thirty-day clock. The Court agrees. The email demanded $90,728.35

---

[3] To the extent that Rocca contends National Specialty did not attach certain jurisdictional documents, the Court disagrees. The docket shows National Specialty attached those documents to its Notice of Removal.

4

"inclusive of fees, costs, interests, bad faith, etc." (Doc. 13-4 at 2). Federal amount in controversy must exceed "$75,000, *exclusive of* interest and costs." 28 U.S.C. § 1332(a) (emphasis added). So to be sure, the demand (without more) may not have been enough to put it on notice of removability. But the demand email did not stop there; it attached an estimate from a roofing company, calculating a cost of $75,728.35 to repair the roof. (Doc. 13-4 at 3-5). And the Complaint alleges breach of contract for failing to pay out under the insurance policy (i.e., it seeks the cost of repairs). The estimate is itemized, specific as to amounts, and National Specialty does not challenge its accuracy. In other words, the email put National Specialty on notice that the roof-related costs at issue alone exceeded $75,000, and the case was removable. *See, e.g.*, Scott v. First Liberty Ins., No. 6:18-cv-1923-Orl-37GJK, 2019 WL 5294927, at *2 (M.D. Fla. Jan. 15, 2019) (holding a settlement offer with attached estimate was enough to establish amount in controversy). Because National Specialty received the email well over thirty days before removing, the removal was untimely.

According to National Specialty, it could not tell the case was removable from that email; National Specialty only knew the case was removable after Rocca admitted the amount in controversy exceeded $75,000. In passing and without citation to authority, National Specialty relies on Rocca's policy deductible, which would be subtracted from the estimate amount. (Doc. 16 at 6). Despite the lack of analysis, National Specialty is correct. Alexion v. Fed. Ins., No. 6:18-cv-2112-Orl-22GJK, 2019 WL 5294937, at *5 (M.D. Fla. Mar. 7, 2019) ("In calculating the amount in controversy, courts have reduced repair estimates and claims by the amount of the deductible."). But the Court cannot determine the deductible. National Specialty neither states the deductible amount nor includes a

copy of the policy. As a result, it is unclear how any deductible would have affected the amount in controversy at that time.[4]

This case is like *Gleaton & Demaria Commercial Dev., LLC v. Westchester Surplus Lines Ins.*, No. 3:18-CV-1913-MCR-GRJ, 2018 WL 8496001 (N.D. Fla. Sept. 21, 2018). There, plaintiff sent defendant a post-suit settlement demand and attached an estimate from a contractor showing repair costs over $75,000. *Id.* at *1. Almost a month later, defendant propounded discovery "to confirm [plaintiff's] damages for the purpose of establishing the amount in controversy." *Id.* Another month later, plaintiff responded by reasserting the same amount in the settlement demand. *Id.* And defendant removed within a month of that discovery response. *Id.* All the same, removal was untimely because the initial settlement demand was the "other paper" starting the thirty-day clock. *Id.* at *3. After receiving the settlement demand and attached estimate, "any uncertainty [defendant] may have had regarding the amount in controversy vanished." *Id.* So removal over thirty days after that point was untimely. *Id.* The same is true here.

In short, National Specialty first knew (or could have ascertained) the case was removable well over thirty days before it removed, making removal untimely.

To the extent that Rocca asks for attorney's fees, the Motion is denied without prejudice. Under § 1447(c), a nonremoving party may get fees if the "removing party lacked an objectively reasonable basis for seeking removal." *J.P. v. Connell*, 93 F. Supp. 3d 1298, 1303 (M.D. Fla. 2015) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Yet a perfunctory request buried in a motion to remand that does not

---

[4] What is more, the Complaint seeks attorney's fees under Florida Statute § 627.428. When a statute allows recovery of attorney's fees, the amount may be included in the calculation of amount in controversy. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). While the amount of fees here is also unclear, any attorney's fees would offset a reduction for the deductible by some amount.

6

articulate an entitlement to fees or identify them—like Rocca's request here—is not enough. See *Kane*, 2020 U.S. Dist. LEXIS 28073, at *5 & n.3; *Mendoza v. Thibaudeau*, No. 2:16-cv-466-FtM-38CM, 2016 WL 11410897, at *3 (M.D. Fla. Oct. 18, 2016). If Rocca wants fees, he can file a proper motion in state court on remand. While the Court could retain jurisdiction to decide entitlement and reasonableness of fees, *see Jasper Contractors, Inc. v. Progressive Property Ins.*, No. 2:19-cv-536-FtM-29NPM, 2019 WL 4126751, at *2 (M.D. Fla. Aug. 30, 2019), it declines to do so. The Court finds it more efficient for the parties to litigate the case as one rather than bifurcate the matter. See *McEvoy v. Praetorian Ins.*, No. 19-22975-CV-UNGARO, 2019 WL 7643421, at *3 (S.D. Fla. Aug. 26, 2019).

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion to Remand (Doc. 13) is **GRANTED and DENIED in part**.

2. The Clerk is **DIRECTED** to **REMAND** this case to the Circuit Court for the Twentieth Judicial Circuit in and for Collier County, Florida. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is **DIRECTED** to terminate any deadlines or pending motions and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of February, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record